United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNA GEBREGZI,<br>Plaintiff,<br>v.<br>KAISER FOUNDATION HOSPITALS, et al.,<br>Defendants. | Case No. 26-cv-07598-JSW<br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION**<br>Re: Dkt. Nos. 8, 16 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant Kaiser Foundation Hospitals and its response to the Court's Order to Show Cause requiring supplemental briefing on subject matter jurisdiction. The Court has considered the parties' papers, relevant legal authority, the record in this case, and oral argument. The Court concludes Kaiser has not met its burden to show the Court has jurisdiction.

## BACKGROUND

Plaintiff Hanna Gebregzi ("Ms. Gebregzi") was employed by Kaiser as a nurse until it terminated her employment on August 17, 2025. At all relevant times, Ms. Gebregzi was covered by a collective bargaining agreement between Kaiser, The Permanente Group, and the California Nurses Association (the "CBA").

### A. *Gebregzi v. Kaiser Foundation Hospitals, et al.*, No. 24-cv-6322-JSW ("*Gebregzi I*").

On June 7, 2024, Ms. Gebregzi filed a complaint against Kaiser, Ana House ("Ms. House"), and Lionel Hoyte ("Mr. Hoyte"), in in Alameda County Superior Court (hereinafter "Superior Court"). On August 5, 2024, Ms. Gebregzi filed a first amended complaint in Superior Court and asserted claims for: (1) harassment in violation of California's Fair Employment and Housing Act ("FEHA"); (2) discrimination in violation of FEHA; (3) retaliation in violation of

United States District Court
Northern District of California

California Labor Code "section 11021"[1]; (4) workplace defamation; (5) constructive discharge; (6) constructive termination; and (7) breach of employment contract. On September 6, 2024, Kaiser removed *Gebregzi I* and alleged the Court had jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"). (Notice of Removal, ¶¶ 1-4, Exs. A-B.)

On January 3, 2025, the parties filed their initial joint case management statement and stated the deadline to amend pleadings would be March 11, 2025, which the Court adopted. Between April 2025 and June 2025, Ms. Gebregzi filed three motions for leave to file an amended complaint, which proposed to add one defendant, Yishamu Ayelew ("Ms. Ayelew"), and to add claims for invasion of privacy, hostile work environment, and negligent infliction of emotional distress. (*Id.*, ¶¶ 5, 6, 8, 10; Exs. C-D, F, H.) The Court denied each motion for failure to address the factors required by Federal Rules of Civil Procedure 15 and 16. (*Id.*, ¶¶ 7, 9, 11, Exs. E, G, I.)

On May 28, 2026, Ms. Gebregzi filed a second amended complaint which proposed adding Ms. Ayelew and three additional defendants and adding claims for disability discrimination and retaliation, failure to accommodate, wrongful termination, and whistleblower retaliation. (*Id.* ¶ 12, Ex. J.) Because the proposed second amended complaint was not accompanied by a motion or stipulation, the Court issued an Order to Show Cause why it should not be struck from the record. (*Id.*, ¶ 13, Ex. K.) Ms. Gebregzi asked the Court to permit her to withdraw the filing. The Court discharged the Order to Show Cause and struck the proposed amendment, without prejudice to Ms. Gebregzi filing a proper motion for leave to amend. (*Id.*, ¶¶ 14-15, Exs. L-M.)

**B. *Gebregzi v. Kaiser Foundation Hospitals, et al.*, No. 26-7598 ("*Gebregzi II*").**

The day after the Court struck the second amended complaint filed in *Gebregzi I*, Ms. Gebregzi filed this case in Superior Court and asserted the following claims against Kaiser and seven individuals, including Ms. House and Mr. Hoyte: (1) failure to engage in the interactive process in violation of FEHA; (2) disability discrimination and failure to accommodate in violation of FEHA; (3) whistleblower retaliation in violation of California Labor Code § 1102.5; (4) wrongful termination in violation of public policy; (5) intentional infliction of emotional

---

[1] It is undisputed that there is no such section in the Labor Code.

distress; (6) negligent infliction of emotional distress; and (7) retaliation in violation of FEHA. (Notice of Removal, ¶¶ 17, 19, Ex. N.)[2]

Ms. Gebregzi served Kaiser with her new complaint on June 22, 2026. (*Id.*, ¶ 18 & Ex. N.) Kaiser removed the case to this Court on July 22, 2026. As in *Gebregzi I*, Kaiser alleges the Court has jurisdiction pursuant to Section 301 the LMRA and contends that Ms. Gebregzi's "whistleblower retaliation, wrongful termination, intentional infliction of emotional distress, negligent infliction of emotional distress, and FEHA retaliation claims are inextricably intertwined with the CBA." (*Id.* ¶ 48; *see also id.* ¶¶ 31, 37, 47.) Because Ms. Gebregzi did not assert a breach of contract claim and did not include federal claims, the Court Ordered Kaiser "to show cause why the Court has subject matter jurisdiction by providing supplemental briefing on which if any of Plaintiff's state law claims involve a right conferred by the CBA and which provisions of the CBA must be interpreted – rather than referenced[.]" (Dkt. No. 16, Order to Show Cause at 2:10-12.) Kaiser filed a timely response. Although the Court gave Ms. Gebregzi the opportunity to respond, she did not.

The Court will address additional facts in the analysis.

**ANALYSIS**

As the party that removed the case, Kaiser bears the burden of establishing federal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cleaned up). The well-pleaded complaint rule recognizes that the plaintiff is the master of her claim and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the

[2] The other individual defendants are Ms. Ayelew, Jennifer Flowers, Laura Jefferson, Harold Falcasantos, and Suzette Smith, whom Ms. Gebregzi also named as putative defendants in her putative second amended complaint filed in *Gebregzi I*.

United States District Court
Northern District of California

"complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

The doctrine of complete preemption is an exception to the well-pleaded complaint rule. Under the complete preemption doctrine, the force of certain federal statutes is considered so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *see also Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

The LMRA is a federal statute with complete preemptive force. 29 U.S.C. § 185; *see also Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968). The preemptive force of Section 301 extends beyond suits that allege contract violations and encompass suits that allege breaches of duties assumed in collective bargaining agreements. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). Kaiser maintains that Ms. Gebregzi's claims for whistleblower retaliation, intentional and negligent infliction of emotional distress, and FEHA retaliation are preempted under the LMRA.

"Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective bargaining agreement." *Caterpillar*, 482 U.S. at 394 (cleaned up); *see also Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (holding that Section 301 preemption will apply "even in some instances in which the plaintiffs have not alleged a breach of contract in the complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it")

The Court applies a two-step inquiry to determine whether Section 301 preempts Ms. Gebregzi's claims. *Burnside*, 491 F.3d at 1059. First, the Court must determine "whether the asserted cause of action involves a right conferred upon" her by virtue of state law rather than a CBA. *Id.* Kaiser does not contend this is the case. (*See* Resp. to OSC at 1:28-2:7.) Therefore,

the Court turns to the second prong of the *Burnside* test: whether Ms. Gebregzi's claims are "substantially dependent" on analysis of the CBA. *Burnside*, 491 F.3d at 1059. To determine whether a state law right is "substantially dependent" on the terms of a CBA, the Supreme Court instructs this Court to decide whether the claim can be resolved by "look[ing] to" versus interpreting the CBA. *Id.* at 1060.

The term "interpretation" in this context is "construed narrowly:" "it means something more than consider, refer to, or apply." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (cleaned up). In evaluating whether Section 301 preemption is appropriate, the Court must analyze a claim's "legal character" and not its merits. *Id.* at 924. If claims simply "refer to a CBA-defined right, … rely in part on a CBA's terms of employment, … run parallel to a CBA violation, … or invite use of the CBA as a defense," the claims are not preempted or precluded. *Id.* at 921 (citations omitted). The "primary point of reference" in this analysis is "the plaintiff's pleading." *Id.* at 923. In addition, at the second step, "claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1153 (9th Cir. 2019) (cleaned up).

Kaiser argues that the claims at issue implicate provisions of the CBA relating to "overtime opportunities, seniority based assignments, administrative leave, discipline compensation, investigations, and orientation processes" as well as provisions governing the progressive disciplinary process. (Resp. to OSC at 6:2-5, 18-19.) Kaiser does not, however, suggest that any of those provisions are ambiguous or that the parties actively dispute the meaning of the provisions. *See, e.g., Horton v. Americool Heating &A/C LLC*, No. 22-cv-01838-BJR, 2023 WL 3168612, at *5 (W.D. Wash. May 1, 2023) (concluding defendants failed to meet their burden on preemption where although they cited provisions of the CBA they did "not explain why such provisions are ambiguous or require interpretation to resolve" the plaintiff's state law claims). At best, Kaiser has alleged "a hypothetical connection" between Ms. Gebregzi's retaliation and emotional distress claims, but that "is not enough to preempt" those claims. *Burnside*, 491 F.3d at 1060 (quoting *Cramer*, 255 F.3d at 691)). Further, to the extent Kaiser might rely on the terms of the CBA to defend itself, that alone is insufficient to require preemption. *Ward v. Circus Circus*

*Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) ("A defense based on the CBA is alone insufficient to require preemption.")

The Court concludes that Kaiser has not met its burden to show the Court has jurisdiction based on Section 301 preemption, and the Court DENIES Kaiser's motion to dismiss without prejudice. Accordingly, the Court ORDERS that the case shall be remanded to Alameda Court Superior Court, and the Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 15, 2026

JEFFREY S. WHITE
United States District Judge